**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0443-23

JUDITH VASQUEZ,

     Petitioner-Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent-Respondent.

_____

         Argued May 29, 2025 – Decided November 10, 2025

         Before Judges Sabatino, Gummer and Jacobs.

         On appeal from the New Jersey State Parole Board.

         Bruce I. Afran argued the cause for appellant (Steven L. Sacks-Wilner, on the briefs).

         Christopher C. Josephson, Deputy Attorney General, argued the cause for the respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, on the brief).

The opinion of the court was delivered by

JACOBS, J.A.D.

Appellant Judith Vasquez appeals from the New Jersey State Parole Board's final decision denying her parole and imposing a sixty-month future eligibility term ("FET") following a sentence of life imprisonment for murder and manslaughter. We affirm the Board's decision to deny parole and conclude the Board's FET decision was rendered moot by additional proceedings.

I.

Vasquez, now sixty-nine years old, has been incarcerated since September 1992, following her arrest for fatally stabbing her boyfriend, A.P. In 1995, a jury convicted Vasquez of his murder and related weapons offenses. In 2000, she pleaded guilty to a reduced charge of manslaughter for the shooting death of her second husband, E.G. Pursuant to terms of a plea agreement, the trial court imposed an aggregate sentence of life with a thirty-year term of parole ineligibility for murder concurrent to ten years with three-and-a-half years of parole ineligibility for manslaughter.

The factual record reveals that in May 1990, Vasquez shot E.G. multiple times and, with the help of an acquaintance, disposed of his body in the Hudson River. Her involvement was not uncovered until September 1992, when a similar fatal attack on A.P. led police to investigate possible connections

2

between the two homicides. In the investigation that followed, Vasquez's sister informed police that Vasquez had confessed both killings to her. The details of the offenses, including the use of significant violence and subsequent concealment efforts, are undisputed in the record.

A two-member Board panel conducted its first hearing on July 15, 2022, days after Vasquez's sixty-sixth birthday, approximately two months before her thirty-year minimum eligibility period. At that hearing, Vasquez maintained that both killings had been committed not by her but by a man named "Manny." She repeated this position before a three-member Board panel on March 1, 2023, and in correspondence considered by both panels. The first panel denied parole, determining "the establishment of a future eligibility term within the presumptive schedule was clearly inappropriate due to [Vasquez's] lack of satisfactory progress in reducing the likelihood of future criminal behavior[,]" and referred the case to the three-member panel. N.J.A.C. 10A:71-3.21(d). The three-member panel fixed the FET at sixty months, rather than the presumptive term of twenty-seven months, plus or minus nine months.

Across these proceedings, the Board panels reviewed favorable and unfavorable factors. Among the former, the panels noted: "(1) no prior offense record; (2) participation in program(s) specific to behavior; (3) participation in

institutional program(s); (4) . . . favorable institutional adjustment; (5) attempt made to enroll and participate in program(s) but not admitted; and (6) minimum custody status achieved/maintained." In addition to her age and multiple health conditions, the Board also recognized Vasquez's extensive prison employment, pursuit of education and the arts, including participation in programs recognized outside the institution, and a substantial support network.

In contrast, the Board found Vasquez's persistent efforts to attribute her crimes to another individual, "Manny," reflected an unwillingness or inability to accept responsibility for her crimes or demonstrate genuine insight into her violent conduct. In imposing a sixty-month FET, the Board distinguished between a mere assertion of innocence and the ongoing minimization or denial of responsibility for serious criminal acts, stating in its written decision:

> . . . the continued manner that you emphasize your crimes were committed by Manny demonstrates you truly do not understand the violence you demonstrated when you killed two (2) victims in two (2) distinct acts. After such a long period of confinement, this posture on your part is troubling in the extreme. You continue to blame an individual who was not a suspect in either case, not a co-defendant and was not indicted on any crime related to your case. Based on these observations, it is the belief of the Board Panel that your complete apathy, dismissiveness and total lack of introspection would place public safety in grave jeopardy if you were to be released on parole at this time.

A-0443-23

Vasquez's administrative appeal to the Board resulted in a final agency decision approving the three-member Board panel's determination. However, due to commutation credit, earned work and minimum custody credits, Vasquez was scheduled for a parole hearing in October 2025, well before the sixty-month mark. That hearing has now transpired, resulting in a denial of parole.

II.

We review parole decisions under a deferential standard, recognizing the Parole Board's expertise and the importance of its discretion. Acoli v. N.J. State Parole Bd., 250 N.J. 431, 449 (2022). However, the Board's authority is not absolute. As the Supreme Court explained in Acoli, "our courts are the ultimate arbiters of whether the Board has acted within the bounds of the law." Id. at 454-55. Parole may be denied only where, by a preponderance of the evidence, there is a "substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time." Id. at 477 (citing N.J.S.A. 30:4-123.53 (1979)). The Board must consider factors enumerated in N.J.A.C. 10A:71-3.11(b), which include not only the "facts and circumstances of the offense" but also an inmate's "mental and emotional health[,]" institutional performance, and demonstration of insight or rehabilitation. Id. at 457. We are

5

mindful our role is not to "substitute our judgment for that of the [Parole] Board" regarding denial of parole or setting an FET. Id. at 479. Unless the Board's decision is found to be "arbitrary, capricious, or unreasonable, or not supported by substantial credible evidence in the record as a whole[,]" it shall not be disturbed. In re Stallworth, 208 N.J. 182, 194 (2011) (alteration omitted); see Trantino v. N.J. State Parole Bd. ("Trantino IV"), 154 N.J. 19, 23-24 (1998); McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

Vasquez contends the Board failed to conduct the individualized, forward-looking assessment demanded by the Supreme Court in Acoli. She contends the Board instead unduly focused on her long-past offenses and refusal to admit guilt. She asserts her perfect institutional record, age, poor health, and program participation outweigh any purported risk to public safety.

Based on the record and its detailed written findings, we are satisfied the Board complied with its regulatory and constitutional obligations. The Board explicitly acknowledged Vasquez's positive institutional adjustment, absence of infractions, and efforts towards rehabilitation, including her advocacy and artistic accomplishments. The Board did not base its denial solely on the gravity of her crimes. Rather, it identified as a present-day concern appellant's persistent refusal not merely to admit guilt but failure to demonstrate any

6

A-0443-23

recognition of the violent conduct proven beyond a reasonable doubt at trial and to which she had pleaded guilty by allocution. The Board's core rationale was not conclusory but supported by detailed documentary and testimonial evidence, including Vasquez's statements during hearings. The Board also took into consideration confidential psychological evaluations, scoring Vasquez as "moderate" risk to recidivate and a likelihood of successful completion of parole on release to be just "fair" due to a "constellation[] of risks and strengths previously identified."

We discern no arbitrariness in the Board's conclusion that the statutory standard — parole may be denied only for a "substantial likelihood" of re-offense — was met in this case. Although age and infirmity may weigh against risk, as emphasized, these considerations are not dispositive, especially where other factors relating to insight and personal responsibility remain salient.

We decline to address the propriety of the sixty-month FET imposed by the Board, as Vasquez's next parole hearing occurred well before the sixty-month mark because of sentence credits and good-conduct time. Accordingly, the FET imposed in 2023 is functionally moot as to any current interest that could be redressed by this court at this stage. Our decision is without prejudice

to any application by Vasquez for review of her most recent parole hearing or any subsequent actions regarding a FET.

We have been informed the Board again denied Vasquez parole following an October 2025 parole hearing. We render our decision in this appeal based on the record presented at oral argument in May of this year without prejudice to any review appellant may seek of the Board's October 2025 decision.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

A-0443-23